UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Rose McCully,<br><br>         Plaintiff,<br><br>v.<br><br>Housing Authority of the County of San Diego, Ursula Mai, Salvatore Lupo, Parker Properties, Terri Parker, Cassandra Mills, CSA San Diego County Fair Housing, and George Ibarra,<br><br>         Defendants. | Case No.: 3:25-cv-01843-CAB-DDL<br><br>**ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS**<br><br>[Doc. No. 2] |

  On July 18, 2025, Plaintiff Rose McCully filed a complaint pursuant to the Fair Housing Act. [Doc. No. 1.] Plaintiff also filed a motion to proceed in forma pauperis ("IFP"). [ Doc. No. 2.] For the following reasons, Plaintiff's motion is **DENIED**.

  **I. Motion to Proceed IFP**

  Generally, all parties instituting a civil action in this court must pay a filing fee. *See* 28 U.S.C. § 1914(a); CivLR 4.5(a). But the Court may authorize a party to proceed without paying the fee if that party submits an affidavit demonstrating an inability to pay. 28 U.S.C. §1915(a). "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v.*

*Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). "[A] plaintiff seeking IFP status must allege poverty with some particularity, definiteness and certainty." *Id.* (internal quotation marks omitted). Granting or denying leave to proceed IFP in civil cases is within the district court's sound discretion. *Venable v. Meyers*, 500 F.2d 1215, 1216 (9th Cir. 1974).

In her motion, Plaintiff claims to have a gross monthly income of $2,768, $700 in cash, and total monthly expenses of $1,675. [Doc. No. 2, Questions 1, 2, and 8.] Plaintiff fails to respond to the questions that asks Plaintiff to list assets owned. [Doc. No. 2, Question 5.] Further, Plaintiff fails to respond to the questions that asks Plaintiff to state any money owed to her and to state any persons who rely on her. [Doc. No. 2, Questions 6-7.]

Given Plaintiff's monthly income and declared amount in cash, it appears Plaintiff can pay the $405.00 filing fee in this case. Nevertheless, if Plaintiff believes that the Court should consider her additional financial obligations that she did not state in her affidavit, she may submit an amended application listing such obligations.

## II. Conclusion

Based on the lack of "particularity, definiteness and certainty" in the information provided, the Court is not persuaded that Plaintiff lacks the funds to pay the filing fee and "still afford the necessities of life." *Escobedo*, 787 F.3d at 1234. Therefore, Plaintiff's motion to proceed IFP is **DENIED** without prejudice.

Plaintiff shall have until **August 28, 2025** to either pay the filing fee or file a new motion to proceed IFP that provides with "particularity, definiteness, and certainty" the required information. In particular, Plaintiff shall respond truthfully to Questions 3, 4, 5, 6, 7, and 8. If Plaintiff does not pay the filing fee or file a renewed motion to proceed in forma pauperis by August 28, 2025, the Clerk of the Court shall dismiss the case without

//
//
//
//

prejudice and terminate the action.

It is **SO ORDERED**.

Dated: July 28, 2025

                                             Hon. Cathy Ann Bencivengo
                                             United States District Judge