|  |  |
|---|---|
| ROSE MCCULLY,<br><br>  Plaintiff,<br><br>v.<br><br>HOUSING AUTHORITY OF THE COUNTY OF SAN DIEGO, URSULA MAI, SALVATORE LUPO, PARKER PROPERTIES, TERRI PARKER, CASSANDRA MILLS, CSA SAN DIEGO COUNTY FAIR HOUSING, and GEORGE IBARRA,<br><br>  Defendants. | Case No.: 3:25-cv-01843-JES-KSC<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO PROCEED** *IN FORMA PAUPERIS* **AND SUA SPONTE DISMISSING CASE WITH LEAVE TO AMEND;**<br><br>**(2) DENYING MOTION FOR LEAVE TO ELECTRONICALLY FILE DOCUMENTS; and**<br><br>**(3) DENYING MOTION TO FILE ADDRESS UNDER SEAL**<br><br>**[ECF Nos. 9, 10, 11]** |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

On July 18, 2025, Plaintiff Rose McCully ("Plaintiff") filed a pro se complaint alleging various causes of action against Defendants. ECF No. 1 ("Compl."). On August 27, 2025, Plaintiff filed several motions: a Motion for Leave to Proceed *In Forma Pauperis* ("IFP"), Motion for Leave to Electronically File Documents, and Motion to File Address Under Seal. ECF Nos. 9, 10, 11. After due consideration and for the reasons set forth below, the Court **GRANTS** the motion to proceed IFP and **DISMISSES** the case without

prejudice, **DENIES** the motion for leave to electronically file documents, and **GRANTS** the motion to file address under seal.

## I.  Motion to Proceed *In Forma Pauperis*

Parties instituting a civil action must pay a filing fee of $405 unless they are granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). A party need not "be absolutely destitute" to proceed IFP. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). "Nonetheless, a plaintiff seeking IFP status must allege poverty 'with some particularity, definiteness, and certainty.'" *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (quoting *United States v. McQuade*, 647 F.3d 938, 940 (9th Cir. 1981)). To that end, "[a]n affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Id*. "But, the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense, either frivolous claims or the remonstrances of a suitor who is financially able, in whole or in part, to pull his own oar." *Temple v. Ellerthorp*, 586 F. Supp. 848, 850 (D.R.I. 1984).

The Court has reviewed Plaintiff's renewed IFP motion and finds that Plaintiff is unable to pay fees or post securities required to maintain this action. Plaintiff submitted a renewed application stating that she receives $2,146 per month combined in income and food stamps. ECF No. 9-2 at 1–2. Plaintiff's monthly expenses total $1,675 per month. The Court finds that Plaintiff is unable to pay the filing fee. Therefore, the Court **GRANTS** Plaintiff's motion for leave to proceed IFP.

## II.  Screening under 28 U.S.C. § 1915(a)

The Court screens complaints brought by persons proceeding *pro se* and IFP. 28 U.S.C. § 1915(e)(2). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(ii).

### A. Standard of Review

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief...." Fed. R. Civ. P. 8(a)(2). Though plaintiffs need not give "detailed factual allegations," plaintiffs must plead sufficient facts that, if true, "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Adequately pled claims will "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). And courts dismiss complaints that "fail[ ] to provide the individual defendants with proper notice of the claims being asserted against them and ... [do] not afford defendants a fair opportunity to assert ... defenses." *McHenry v. Renne*, 84 F.3d 1172, 1175 (9th Cir. 1996).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

### B. Legal Analysis

On page 17 of the complaint, Plaintiff lists twelve different California statutes titled "Specific Violations and Claims." Compl. at 17. On the very next page, Plaintiff lists eight causes of action that are misnumbered and titled the page "Causes of Action." *Id.* at 18. It is unclear whether Plaintiff is asserting claims under the "Specific Violations and Claims" listed or the "Causes of Action" listed. Regardless, Plaintiff lists eight named Defendants in her complaint, but does not identify which causes of action or specific violations are alleged against each specific Defendant. Plaintiff needs to clarify the specific claims she brings and the specific Defendants she brings those claims against.

|   |   |
|---|---|
| 1 | In light of the above, the Court concludes that Plaintiff has not met the requisite Rule 8 pleading standard. First, Plaintiff fails to plausibly allege facts to support the elements of several of the causes of action. *See Bautista v. Los Angeles Cnty.*, 216 F.3d 837, 840 (9th Cir. 2000) (Rule 8 requires a plaintiff to "plead a short and plain statement of the elements of his or her claim, identifying the transaction or occurrence giving rise to the claim and the elements of the prima facie case."). Additionally, Plaintiff does not specify which claims she is making against which defendant. *See Dougherty v. Bank of America, N.A.*, 177 F. Supp. 3d 1230, 1253 (E.D. Cal. 2016) (where there are multiple defendants, the complaint "must allege the basis of [her] claim against each defendant to satisfy" Rule 8). As pleaded, Plaintiff's claims do "not afford defendants a fair opportunity" to defend themselves and does not satisfy the Rule 8 pleading requirements. *See McHenry*, 84 F.3d at 1175. Accordingly, the Court sua sponte **DISMISSES** the complaint for failing to state a claim. |

### C. Leave to Amend

District courts "should not dismiss a pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988)). Here, the Court grants Plaintiff leave to amend her Complaint. If Plaintiff fails to timely amend, the Court will enter a final Order dismissing the entire action. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action."). Plaintiff is advised that any amended complaint must be complete in itself without reference to her prior complaint; accordingly, any defendant not named and any claims not re-alleged in any amended complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928

(9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

### III. Motion for Leave to File Electronically

Plaintiff has failed to demonstrate that she has the proper equipment and software capabilities to electronically file documents. Therefore, the Court **DENIES without prejudice** Plaintiff's Motion for Leave to File Electronically.

### IV. Motion to File Address Under Seal

Courts have historically recognized a "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). To overcome this strong presumption, a party seeking to seal a judicial record must articulate justifications for sealing that outweigh the public policies favoring disclosure. *See Kamakana*, 447 F.3d at 1178-79. In turn, the court must "conscientiously balance[] the competing interests of the public and the party who seeks to keep certain judicial records secret." *Id.* at 1179 (quoting *Foltz*, 331 F.3d at 1135) (internal quotation marks omitted).

"After considering these interests, if the court decides to seal certain judicial records, it must 'base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture.'" *Id.* (quoting *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)). However, where the material is, at most, "tangentially related" to the merits of the case, the request to seal may be granted on a showing of "good cause." *Ctr. For Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016).

Here, Plaintiff requests to seal her address from the public record because "one of the named defendants in this action is a former property manager who has engaged in stalking, harassment, and retaliatory conduct against Plaintiff. Public disclosure of Plaintiff's current address would subject her to further danger and intimidation." ECF No.

11 at 2. This is an insufficient basis for the Court to grant sealing of the public record. Every defendant in this action would have to serve Plaintiff with motions. Pursuant to the Local Rules, "[a] party proceeding pro se must keep the Court and opposing parties advised as to current address." S.D. Civ. L.R. 83.11(b). Plaintiff indicated she is willing to accept service through an alternative safe mailing address designated by the Court. ECF No. 11 at 2. The Clerk of Court cannot accept service on behalf of Plaintiff as she suggests. Plaintiff is welcome to provide an alternative address on her filings that she has access to and monitors to receive any mail from the Court and opposing parties. Plaintiff's Motion to File Address under Seal is **DENIED**.

### III. Conclusion

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion to Proceed in forma pauperis and sua sponte **DISMISSES** the complaint with leave to amend. The Court **DENIES without prejudice** Plaintiff's Motion for Leave to Electronically File Documents and **DENIES** Plaintiff's Motion to File Address Under Seal. Plaintiff must file an amended complaint on or before **January 14, 2026**. If Plaintiff fails to file an amended complaint by the deadline, then the Court will dismiss the entire case with prejudice.

**IT IS SO ORDERED.**

Dated: December 19, 2025

Honorable James E. Simmons Jr.
United States District Judge